Filed 9/29/23  U.S. Real Estate Credit Holdings III-A v. Rubin CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| U.S. REAL ESTATE CREDIT HOLDINGS III-A, L.P., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> A. STUART RUBIN, <br><br> Defendant and Appellant. | G062721 <br><br> (Super. Ct. No. RIC1905743) <br><br> O P I N I O N |

Appeal from an order of the Superior Court of Riverside County, Sunshine S. Sykes, Judge.  Affirmed.

Messina & Hankin, Evan L. Smith, John A. Messina and Jeffrey J. Van Wick; Benedon & Serlin, Douglas G. Benedon and Mark Schaeffer; Kutak Rock LLP and Rudy R. Perrino for Defendant and Appellant.

Reed Smith, Marsha A. Houston, Christopher O. Rivas, Kasey J. Curtis and Charles P. Hyun for Plaintiff and Respondent.

## INTRODUCTION

A. Stuart Rubin appeals from a right to attach order granted in favor of U.S. Real Estate Credit Holdings III-A, L.P. Rubin guaranteed a loan to four limited partnerships to build a hotel. When the project failed, U.S. Real Estate sued the guarantors, Rubin among them, to enforce their guaranties. Eventually U.S Real Estate obtained a right to attach order against Rubin, from which he now appeals.

We affirm the order. The trial court correctly ruled that U.S. Real Estate had submitted sufficient evidence to fulfill the requirements of a right to attach order. Rubin submitted no evidence to establish an offset to the amount of the order, and his argument that the court could not grant the order until it adjudicated his cross-complaint against U.S. Real Estate is unavailing.

## FACTS

U.S. Real Estate lent $24 million to a consortium of four limited liability companies to fund the construction of a luxury hotel in Coachella.[1] Rubin and two others personally guaranteed the loan. When the borrowers defaulted, U.S. Real Estate sued Rubin to enforce his guaranty, along with numerous other persons and entities on other causes of action. The proof of personal service of the summons and complaint on Rubin is dated November 26, 2019.[2]

Rubin's main defense was that U.S. Real Estate had concealed certain deficiencies in the hotel construction budget detailed in a report, the Okubo Report, prepared before he signed his guaranty. He claimed he would never have signed had he known about these deficiencies.

---

[1] Rubin is allegedly the managing director of at least one of the limited liability companies that borrowed the money from U.S. Real Estate and has a direct or indirect ownership interest in two of the other companies.

[2] According to the register of actions, a notice and acknowledgement of receipt of U.S. Real Estate's complaint as to Rubin was filed on November 22, 2019.

2

U.S. Real Estate moved for summary adjudication on this defense in January 2021. At first, the trial court denied the motion, holding that Rubin had raised a triable issue of fact about whether his performance was excused because U.S. Real Estate failed to disclose facts that materially increased a surety's risk, citing *Sumitomo Bank v. Iwasaki* (1968) 70 Cal.2d 81 (*Sumitomo*).

U.S. Real Estate applied for a right to attach order and a writ of attachment against Rubin on October 19, 2021. That matter was heard on January 28, 2022, along with a second motion for summary adjudication on Rubin's nondisclosure defense. The court granted the second summary adjudication motion, on two grounds. First, new evidence revealed that Rubin had received the Okubo Report, which he claimed he had not seen, and that he had responded to this report before signing the guaranty. Second, the guaranty expressly absolved U.S. Real Estate of any obligation to disclose anything to Rubin or to the other guarantors.[3]

The evidence Rubin submitted in opposition to the application for a right to attach order consisted of his declaration and a request for judicial notice. Rubin's declaration set out the monetary value of three pieces of real estate he owned and denied that he engaged in a trade, business, or profession. He claimed an exemption on his primary residence. The request for judicial notice consisted of Rubin's answer, five notices of rescission, the order denying U.S. Real Estate's first motion for summary adjudication, U.S. Real Estate's writ petition for the order denying summary adjudication and the order denying the petition, U.S. Real Estate's petition for Supreme Court review and the order denying the petition, a request for leave to file a cross-complaint with a draft cross-complaint, and various documents from the bankruptcy of the lead borrower.

---

[3] U.S. Real Estate has requested judicial notice of a subsequent order, entered on December 16, 2022, granting U.S. Real Estate's motion for summary adjudication as to another of the loan's guarantors – in which the court again found the *Sumitomo* defense unavailing – and as to the breach of guaranty cause of action as a whole. This ruling is unnecessary to the resolution of this appeal, which concerns only Rubin and the evidence before the court when it granted the right to attach order against him. The request is therefore denied. (See *County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

The court granted U.S. Real Estate's application for a right to attach order against Rubin in the amount of $9.7 million on January 28, 2022. This amount took into account U.S. Real Estate's purchase of the hotel property by means of a credit bid in bankruptcy. A written order was entered on February 24, 2022.

At the same January hearing, Rubin sought leave to file a cross-complaint. The court continued this motion to February 24, 2022, at which time the court granted leave to file the cross-complaint.[4]

The cross-complaint alleges causes of action for, inter alia, rescission of Rubin's guaranty, fraud, and interference with prospective economic advantage. In the cross-complaint, Rubin alleged that the Okubo Report was withheld from him and that he was therefore unaware of the budget deficiencies related in the report. He reiterated that he would not have signed the guaranty had he known about the budget deficiencies. The cross-complaint also alleged other breaches of the loan agreement that prompted Rubin's rescission allegations.

## DISCUSSION

A right to attach order requires evidence of a claim for an amount of money greater than $500 based on a contract, express or implied, unsecured by an interest in real property, and, if the defendant is a natural person, based on his or her trade, business, or profession. (Code Civ. Proc., § 483.010, subds. (a-c).)[5] An order granting a right to attach order is an appealable order. (§ 904.1, subd. (a)(5).)

The trial court issues a right to attach order after hearing if it finds that (1) the claim is one upon which an attachment may be issued, (2) the claim has "probable validity,"[6] (3) the attachment is not sought for an improper purpose, and (4) the amount is

---

[4] Rubin's personal notice of rescission is dated May 17, 2021. He filed a notice of motion for leave to file a cross-complaint containing a cause of action for rescission on November 5, 2021.

[5] All further statutory references are to the Code of Civil Procedure.

[6] "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." (§ 481.190.)

greater than zero.  (§ 484.090, subd. (a).)  We review the trial court's finding of probable validity for substantial evidence.  (*Santa Clara Waste Water Co. v. Allied World National Assurance Co.* (2017) 18 Cal.App.5th 881, 885 (*Santa Clara*).)

Rubin has advanced four reasons why the trial court should not have issued a right to attach order.  First, U.S. Real Estate failed to comply with the strict procedure necessary to secure such an order.  Second, the court should have denied the application because the underlying contract (the guaranty) has been rescinded.  Third, the court had to adjudicate the rescission claim in his draft cross-complaint before an attachment order could issue, and, finally, U.S. Real Estate did not establish the probable validity of its claim.

**I.          Procedural Compliance**

Rubin argues U.S. Real Estate failed to comply with the notice requirements for an application for a right to attach order, namely serving a copy of the summons and complaint along with the notice of application and hearing and a copy of the application and supporting affidavits.  Section 484.040 requires all three types of documents to be served on the defendant "[a]t the times prescribed by subdivision (b) of Section 1005[.]"  Section 1005, subdivision (b), in turn, requires "all moving and supporting papers [to be] served and filed at least 16 court days before the hearing."  Rubin argues that the statute requires the summons and complaint to be served *at the same time* as the notice of application and a copy of the application with its affidavits.

The statutory language does not support this argument.  Section 1005 sets the minimum number of days' notice that moving and supporting papers must afford to the opposing party:  *at least* 16 court days.  The section says nothing about a maximum amount of time.  Section 484.040, in turn, requires that the papers be served "[a]t the *times* prescribed" by section 1005, subdivision (b).  (Italics added.)  It makes no further demands regarding compliance with section 1005.

It is undisputed that U.S. Real Estate served Rubin with the summons and complaint at the commencement of the action, in November 2019.[7] Rubin argues in effect that he should have received *another* copy along with the attachment papers. As the court asked Rubin's counsel at the hearing, "[A]re you saying you've never seen the summons and complaint and the statute then would require it to be sent twice? You're saying you want a continuance . . . [¶] . . . because you didn't get a copy of it twice."

Right to attach orders and writs of attachment are typically sought early in a lawsuit, so it makes sense to ensure that the defendant has been served with a copy of the summons and complaint as well as with the attachment papers themselves. But nothing in the statute mandates that they all be served together; the statute requires only that they all be served at least 16 court days before the hearing. U.S. Real Estate served Rubin with a summons and complaint and filed the proof of service more than two years before the hearing, and he had, since that time, been vigorously litigating the matter. He cannot reasonably complain that he was unaware of the nature and allegations of U.S. Real Estate's suit against him.

## II.    Rescission

Rubin makes two arguments regarding rescission. First, the court had to wait until he filed his cross-complaint for rescission and had received a judicial determination on it before it could rule on U.S. Real Estate's application for a right to attach order. Second, he rescinded the guaranty, so there is no contract claim upon which to base a right to attach order.[8]

---

[7]    According to the register of actions, Rubin began filing papers in the lawsuit on the same day that he was served. He answered on January 6, 2020.

[8]    Rubin is incorrect that a cause of action for rescission negates an application for a right to attach order. "[U]pon rescission the law implies an obligation to return the money paid, and an action on the implied contract supports a writ of attachment." (*Landry v. Marshall* (1966) 243 Cal.App.2d 170, 177-178, (*Landry*).) The opposing party would then have a right of offset of any amount based on a claim as to which it showed "probable validity." (§ 483.015.)

6

Section 483.015, subdivision (b)(2), reduces the amount allowable in a right to attach order by "[t]he amount of any indebtedness of the plaintiff that the defendant has claimed in a cross-complaint filed in the action if the defendant's claim is one upon which an attachment may be issued." Section 483.015, subdivision (b)(3), reduces the amount of the order by the amount asserted as a defense in the answer, subject to certain conditions.

Rubin's answer alleged a defense of offset, but did not allege any amount. As to a claim in a cross-complaint – leaving aside the fact that none was on file when the court issued the right to attach order – "'[Section] 483.015 does not explicitly require more than a filed cross-complaint or contract defense in an answer that would itself support an attachment. However, to sustain reduction in a writ amount, most courts require that defendant [or cross-defendant] provide enough evidence about its counterclaims [or claims] and/or defenses to prove a prima facie case.' [Citation.] 'Courts are generally suspicious of vague, unsupported counterclaims and defenses.' [Citations.]" (*Lydig Construction, Inc. v. Martinez Steel Corp.* (2015) 234 Cal.App.4th 937, 944-945 (*Lydig*).)

Rubin's opposition to U.S. Real Estate's application for a right to attach order presented no evidence whatsoever about any amounts for his counterclaims or defenses. His own declaration stated only the value of three pieces of real estate. The request for judicial notice provided no evidence of the specific amounts of his counterclaims. He therefore presented no evidence to support a prima facie case regarding this issue.[9]

To obtain the offset allowed by section 483.015, Rubin had to establish the probable validity of his own claims. He submitted no evidence to this effect. "If, by

_____

[9] If Rubin were correct that his rescission of the guaranty means that there is no contract upon which to base a right to attach order, then there is no contract upon which to base a reduction of the amount under section 483.015, subdivision (b)(2), which requires a claim in a cross-complaint "upon which an attachment could be issued."

virtue of making claims that *are not* probably valid, a defendant could obtain an offset against a plaintiff's claim that is probably valid, a defendant could always and easily defeat a plaintiff's right to a prejudgment attachment." (*Lydig, supra,* 234 Cal.App.4th at p. 945.) This is not, we believe, the Legislature's intention.

Rubin's argument that his cross-complaint must first be adjudicated is likewise without merit. "The purpose of a writ of attachment is to ensure payment will be recovered if judgment is entered. [Plaintiff] is only required to establish the 'probable validity' of its claims. Whether [plaintiff's] claims are 'actually valid' is determined in a subsequent proceeding and not affected by the court's order on the applications for prejudgment attachment. [Citation.] An attachment remedy would be useless if it required the court to first decide the merits and issue a judgment." (*Santa Clara, supra,* 18 Cal.App.5th at p. 889.)

**III.        Probable Validity**

As stated above, we review the trial court's finding of probable validity for substantial evidence. (*Santa Clara, supra,* 18 Cal.App.5th at p. 885.)

Rubin advances three arguments as to why U.S. Real Estate's application for a right to attach order lacked probable validity. Rubin had rescinded the guaranty, his cross-complaint for rescission had to be adjudicated first, and finally, the court had ruled, in response to U.S. Real Estate's first motion for summary adjudication, that Rubin had presented evidence to establish a triable issue of fact as to his *Sumitomo* defense of failure to disclose.

We have dealt with the first two arguments above. As to this last argument, the court ruled, in response to U.S. Real Estate's second motion for summary adjudication, that Rubin had *not* established a triable issue of fact as to this defense. While the trial court expressed itself as "reluctant to find that Rubin intentionally perjured himself in the prior motion[,]" it nevertheless ruled that (1) Rubin had seen the relevant report, so there was no failure to disclose, and (2) in the guaranty, Rubin had

8

waived any obligation on U.S. Real Estate's part to disclose anything. As of the date of the right to attach order, the failure-to-disclose defense had evaporated.

Rubin's argument fails for another reason. A review for substantial evidence means that we "infer the trial court made all factual findings necessary to support the judgment. [Citation.] The doctrine is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 58.) "Since all intendments are in favor of the lower court's ruling, the affidavits on behalf of the respondent are here deemed to establish not only the facts directly stated therein, but all facts reasonably to be inferred from those stated." (*Landry, supra,* 243 Cal.App.2d at p. 175.)

In this case, the court accepted U.S. Real Estate's evidence regarding the nature of its claim against Rubin, its probable validity, its purpose, and its amount. In doing so, the trial court must have found the evidence put forward in Rubin's opposition, such as it was, unpersuasive. "Where, as here, the record is otherwise silent with respect to what the trial court considered, we must presume it considered all the pertinent matters presented to it and ruled in favor of the prevailing party." (*Lydig, supra,* 234 Cal.App.4th at p. 945.) Under the substantial evidence standard of review, we do not reweigh evidence. (See *Pacific Palisades Residents Assn., Inc. v. City of Los Angeles* (2023) 88 Cal.App.5th 1338, 1368.)

## DISPOSITION

The right to attach order is affirmed.  Respondent U.S. Real Estate Credit Holdings III-A, L.P., is to recover its costs on appeal.  Respondent's request for judicial notice is denied.



BEDSWORTH, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.